**Debra Ann SPAIN, Relator,**

v.

**Honorable Frank MONTALVO,
Respondent.**

No. 04–95–00898–CV.

Court of Appeals of Texas,
San Antonio.

April 24, 1996.

Gary M. Poenisch, San Antonio, for appellant.

Robert F. Estrada, Robert F. Estrada, P.C., San Antonio, Richard J. Reynolds, III, Edward C. Mainz, Jr., Thornton, Summers, Biechlin, Dunham & Brown, L.C., San Antonio, for appellee.

Before RICKHOFF, LOPEZ and DUNCAN, JJ.

## OPINION

RICKHOFF, Justice.

This is an original proceeding concerning respondent's order which disqualified petitioner's attorney, Gary M. Poenisch, from representing her in a conversion action against her former attorney, Jeffrey L. Pfeifer.[1] The ground asserted for disqualification is Rule 3.08 of the Texas Disciplinary Rules of Professional Conduct, i.e., the lawyer-witness rule. Although we find the trial court did not abuse its discretion in ordering Poenisch's disqualification, we do find the order to be overly broad. Therefore, the petition for writ of mandamus is conditionally granted to direct the reformation of the scope of the order.

---

1. The underlying suit is styled *Debra Ann Spain v. Jeffrey L. Pfeifer*, Cause No. 95–CI–14086, in the 288th District Court of Bexar County, Texas.

## Factual Background

Real party, Jeffrey Pfeifer, represented relator in two family law matters. The first case was a paternity suit involving relator's nine-year-old daughter, Brittany Spain.[2] The second suit was a divorce action in which the custody of relator's four-year-old daughter, Taylor Alexandra Spain, was contested.[3] Ten days before trial of the second suit, Pfeifer obtained a court order permitting him to withdraw from the case.

On the day trial was originally scheduled, relator and her new attorney, Gary Poenisch, objected to Pfeifer's withdrawal, alleging inadequate notice of the hearing on the motion to withdraw. The presiding judge overruled relator's objection, but postponed the trial for 45 days to allow new counsel time to prepare for the trial.

Later that day, Poenisch, now apparently retained as relator's counsel in the divorce and custody action, sent a written request to Pfeifer for relator's "files," referencing by style and number the divorce and custody action. Pfeifer released a "file" with the same style and cause reference to Poenisch's courier that same day.

Two days later, Poenisch notified Pfeifer by letter (again referencing only the divorce action) that the files delivered were incomplete because Pfeifer had not included the paternity action file, he had only sent a copy, rather than the original, of the divorce action file, and he had not included the documents produced by Spain in response to written discovery in the divorce action. Poenisch demanded that the original of all files related to Debra Spain be delivered that day.

Pfeifer responded that all of the documents in the divorce action file were copies because the originals were on file at the courthouse. He refused to relinquish the paternity action file because it was a closed case, and his representation of Spain was withdrawn only as to the divorce and custody action. He stated that he was searching for the alleged missing discovery documents and would deliver them if found.[4] Poenisch immediately faxed a reply which threatened that a conversion action and grievance complaint would be filed against Pfeifer based on his intentional failure to deliver Spain's files. Nine days later, Spain filed the underlying conversion action. Pfeifer answered and filed counterclaims against Spain and Poenisch alleging: (1) the filing of a frivolous, baseless lawsuit brought solely for harassment; (2) malicious prosecution; and (3) abuse of process. Pfeifer's counsel also moved to disqualify Poenisch on the ground that he was a fact witness to this dispute and "[i]t was not fair that Plaintiff's attorney participate as both advocate and witness in the same case."

On November 1, 1995, the Honorable Frank Montalvo heard argument on the motion to disqualify Poenisch and granted the motion, staying all proceedings for 90 days to enable relator to find new counsel. Poenisch sought extraordinary relief from this court to get the order of disqualification rescinded. We granted leave to file the petition for writ of mandamus.

## The Standard of Review

A party seeking mandamus relief must demonstrate that the trial court has committed a clear abuse of discretion or violated a duty imposed by law. *Johnson v. Fourth Court of Appeals,* 700 S.W.2d 916, 917 (Tex.1985). The Supreme Court empha-

**2.** The paternity action is styled *In the Interest of Brittany Elizabeth Spain, A Child,* Cause No. 94–CI–15443, in the 225th District Court of Bexar County, Texas. The Hon. David A. Peeples rendered final judgment in this case on August 24, 1995.

**3.** The divorce and custody action is styled *In the Matter of the Marriage of Debra Ann Spain and Charles Emmet Spain, Jr., and In the Interest of Taylor Alexandra Spain, A Child,* Cause No. 94–CI–13203, in the 288th District Court of Bexar County, Texas. Trial was set for September 11,

1995. After the withdrawal of Mr. Pfeifer, the trial was reset for October 16, 1995. According to Mr. Pfeifer's counsel, the divorce and custody action was ultimately resolved through mediation.

**4.** Pfeifer also related in his letter of September 13, 1995, his attempts to provide Spain with proper notice of the hearing on his motion to withdraw. That issue is disputed in the underlying conversion action and is not before this court at this time.

sizes that the petitioner must also show that she has no adequate remedy on appeal. *Walker v. Packer,* 827 S.W.2d 833, 842 (Tex. 1992); *State v. Walker,* 679 S.W.2d 484, 485 (Tex.1984). An order granting or denying a disqualification motion is properly reviewed through an application for writ of mandamus. *See NCNB Tex. Nat'l Bank v. Coker,* 765 S.W.2d 398, 399–400 (Tex.1989); Robert K. Wise, *The Lawyer–Witness Rule: A Comparison of a Lawyer's Ability to Be Both a Witness and an Advocate Under the Texas Code of Professional Responsibility and the Texas Disciplinary Rules of Professional Conduct,* 31 S.Tex.L.Rev. 651, 662 n. 32 (1990).

In this review, we look to disciplinary rule 3.08 for guidance in determining whether the respondent abused his discretion in disqualifying Poenisch as attorney of record and prohibiting him from working in the capacity of attorney for Spain in the conversion action. *See Spears v. Fourth Court of Appeals,* 797 S.W.2d 654, 656 (Tex.1990); *Ayres v. Canales,* 790 S.W.2d 554, 557 & n. 2 (Tex. 1990). The rule sets forth the considerations relevant in a disqualification proceeding, and "a trial court order that disqualifies an attorney in order to prevent a violation of Rule 3.08 is appropriate when warranted." *Ayres v. Canales,* 790 S.W.2d at 556–57 n. 2.

### Disqualification of Counsel

■ Poenisch argues that the trial judge abused his discretion when he ordered that relator be "disqualified as attorney of record for Plaintiff, and cannot work in the capacity as the attorney for Plaintiff in this cause."[5]

Rule 3.08 of the Texas Disciplinary Rules of Professional Conduct forbids a lawyer from accepting or continuing employment as an advocate before a tribunal when he knows or reasonably believes he may be a witness necessary to establish an essential fact on behalf of his client.[6]  Tex.Disciplinary

R.Prof.Conduct 3.08 (1994), *reprinted in* Tex. Gov't Code Ann., tit. 2, subtit. G app. (Vernon Supp.1996) (State Bar Rules art. X, § 9). Rule 3.08 reads in full, as follows:

### Rule 3.08. Lawyer as Witness

(a) A lawyer shall not accept or continue employment as an advocate before a tribunal in a contemplated or pending adjudicatory proceeding if the lawyer knows or believes that the lawyer is or may be a witness necessary to establish an essential fact on behalf of the lawyer's client, unless:

(1) the testimony relates to an uncontested issue;

(2) the testimony will relate solely to a matter of formality and there is no reason to believe that substantial evidence will be offered in opposition to the testimony;

(3) the testimony relates to the nature and value of legal services rendered in the case;

(4) the lawyer is a party to the action and is appearing pro se;  or

(5) the lawyer has promptly notified opposing counsel that the lawyer expects to testify in the matter and disqualification of the lawyer would work substantial hardship on the client.

(b) A lawyer shall not continue as an advocate in a pending adjudicatory proceeding if the lawyer believes that the lawyer will be compelled to furnish testimony that will be substantially adverse to the lawyer's client, unless the client consents after full disclosure.

(c) Without the client's informed consent, a lawyer may not act as advocate in an adjudicatory proceeding in which another lawyer in the lawyer's firm is prohibited by paragraphs (a) or (b) from serving as advocate. If the lawyer to be called as a

---

**5.** Order on Defendant's Motion to Disqualify Gary M. Poenisch as Attorney of Record for Plaintiff, *Debra Ann Spain v. Jeffrey L. Pfeifer,* No. 95–CI–14086 (288th Dist.Ct., Bexar County, Texas, Nov. 15, 1995).

**6.** The State of Texas overhauled its rules for governing the conduct of licensed attorneys in 1989. The operative rules became effective on

January 1, 1990, and are known as the Texas Disciplinary Rules of Professional Conduct. They are located in volume 3 of the Government Code at article X, section 9. In 1994, the Supreme Court amended Rule 3.08 to add the limiting phrase "as an advocate before a tribunal" to the first sentence.

witness could not also serve as an advocate under this Rule, that lawyer shall not take an active role before the tribunal in the presentation of the matter.

*Id.*

At the hearing, movant's counsel told the trial judge that Poenisch would be a material witness. Movant's counsel argued: "He is the one alleging what happened. He is the one that is alleging that parts [of Spain's file] were missing." In response to Poenisch's assertion that he could simply introduce the letters and would not have the take the stand, the trial judge made the following inquiry:

THE COURT: Isn't that part of the facts of the case? In other words, Mr. Estrada, isn't that precisely what your client is going to dispute? I mean, your client is going to say, "No. We sent the files. He lost them." I mean, isn't that what the dispute is about?

MR. ESTRADA: That is what the whole suit centers around, Your Honor.

THE COURT: ... And you [Poenisch] are going to have to take the witness stand and say, "I took the file. The file was in this shape. And on top of that"—I mean, I presume you are going to say—I mean, I am not trying to even make the suggestion that this is the case. But presumably you are going to say, "The file not only was in bad shape, but it was incomplete when I got it." I mean, isn't that what we are talking about here?

The trial judge later inquired:

THE COURT: ... Whereas, the concern I have here—and I am going to turn to Mr. Estrada and ask you: Are you disputing—is your client going to dispute the circumstances surrounding the demand of the file and the return of the file and whether the file was complete or not complete and that kind of thing?

MR. ESTRADA: Absolutely. Absolutely.

The trial judge then concluded:

THE COURT: I am looking at these letters and they, basically, substantiate my ruling, and that is the fact that the defendant in this case is going to contest, for lack of a better word, the gravamen of your lawsuit. In other words, the gravamen of your lawsuit is the files were not returned. I mean, if you look at it strictly from a conversion point of view, the thing that was converted were the files, and he is contesting that. I mean, that is a material issue of fact.

The content of Spain's files is clearly a material issue in the conversion action. If the files were complete as delivered, Pfeifer did not exercise control over any of Spain's property. Spain's allegation that the files were incomplete is based on Poenisch's review of the files. Poenisch will, therefore, have to testify as to what documents were missing. Moreover, Spain has alleged an "intentional" conversion of her files. All actions taken in connection with the demand for the files were taken by Poenisch, and all replies to Pfeifer's responses were made by Poenisch. Thus, there are only two witnesses privy to the circumstances surrounding the demand and response, Pfeifer and Poenisch. Spain alleges in her petition: "The defendant acted with an evil intent to harm plaintiff. Defendant's conversion of the property was intentional, willful, wanton and without justification or excuse, and was done with gross indifference to the rights of the plaintiff." The only witness Spain can call to prove these allegations is Poenisch.

The facts of this case, therefore, are in line with those contemplated in *Warrilow v. Norrell,* 791 S.W.2d 515 (Tex.App.—Corpus Christi 1989, writ denied). That case involved a claim for breach of good faith and fair dealing on the part of an insurer and was an appeal from a trial court's failure to disqualify the attorney, rather than a mandamus. *Id.* at 517, 520. At trial, the attorney testified regarding (1) the contents of various documents and his correspondence with the insurer; (2) conversations and actions between himself and the insurer; and (3) circumstances surrounding the underlying litigation. *Id.* The court held the attorney's testimony was material, necessary and crucial to the plaintiff's assertion of bad faith. *Id.* The court noted that the attorney was called upon to testify as to the negotiations "he personally conducted" in the underlying cause of action. *Id.* The court held the trial

court abused its discretion in failing to disqualify the attorney. *Id.*

Poenisch will be called upon to testify regarding the contents of correspondence between himself and Pfeifer. Poenisch will be called upon to testify regarding the content of Spain's files as delivered. Poenisch is the only person, other than Pfeifer, who can be called upon to testify regarding the circumstances surrounding the demand for the files. The subject matter of Poenisch's testimony is at the very heart of the dispute in this case.

Having concluded Poenisch's testimony is clearly necessary to establish an essential fact on Spain's behalf, we must determine if any of the exceptions in Rule 3.08(a) apply so as to permit Poenisch to continue to represent Spain. Clearly, Spain's testimony will not fall within any of the first four exceptions, i.e., his testimony will be contested; his testimony does not relate to a matter of mere formality; his testimony does not relate solely to the nature and value of legal services; and he is not a party appearing pro se.

The final exception would have allowed continued representation if: (1) Poenisch had promptly notified opposing counsel that he expected to testify in the matter; and (2) disqualification would work substantial hardship on Spain. Poenisch did not notify Estrada that he expected to testify. In fact, Poenisch argued at the disqualification hearing that he would not be required to take the stand.

Setting aside Poenisch's failure to provide the proper notice for the moment, comment seven to rule 3.08 explains this final exception is based upon a balancing of the interests of the client with the interests of the opposing party, for example, the opposing party may be unfairly prejudiced were the attorney to testify as to contested matters. TEX.DISCIPLINARY R.PROF.CONDUCT 3.08 & cmt. 7 (1994); *see also Ayres v. Canales,* 790 S.W.2d at 557 & n. 4. The policy reasons for the rule must be considered in this balancing. These policy reasons include: "(1) the attorney may be more impeachable for interest and, therefore, a less effective witness; (2) the attorney's role as advocate may handicap the opposing counsel in challenging the credibility of the attorney; (3) it may place the testifying advocate in the unseemly and ineffective position of arguing his own credibility; and (4) the roles of advocate and witness are inconsistent because the function of an advocate is to advance his client's cause and that of a witness is to state facts objectively," and it may be unclear to the fact finder whether a statement by the testifying attorney should be taken as proof or as an analysis of the proof. *Warrilow v. Norrell,* 791 S.W.2d at 521 n. 6; TEX.DISCIPLINARY R.PROF.CONDUCT 3.08 & cmt. 4 (1994). It is highly conceivable that the testimony Poenisch will be called upon to give will be in direct contradiction to the testimony of Pfeifer; therefore, Poenisch will be required to advocate that his testimony is more credible than Pfeifer's. This will require Poenisch to act as an advocate to bolster his own credibility immediately upon vacating the witness chair. Indeed, it is difficult to understand how Poenisch could contend otherwise. Allowing such a situation to arise would be untenable.

> When the client's right to counsel of his choice and the need to maintain ethical standards of professional responsibility clash "[T]he preservation of public trust both in the scrupulous administration of justice and in the integrity of the bar is paramount . . ." and "[The client's recognizably important right to counsel of his choice] must yield, however, to considerations of ethics which run to the very integrity of the judicial process. (citations omitted) . . . [C]ounsel should resolve any doubt in favor of preserving the integrity of his testimony and against his continued participation as trial counsel. If counsel fails to voluntarily withdraw as trial counsel in such a situation the trial court is vested with broad discretion to order withdrawal.

*United Pacific Ins. Co. v. Zardenetta,* 661 S.W.2d 244, 248 (Tex.App.—San Antonio 1983, no writ). We cannot find that the trial court abused its discretion by disqualifying Poenisch under these circumstances in order to prevent a violation of Rule 3.08. *See Mauze v. Curry,* 861 S.W.2d 869, 870 (Tex. 1993) (orig. proceeding); *Warrilow v. Norrell,* 791 S.W.2d at 520.

**Scope of Order**

■ The order goes too far when it bans Poenisch from representing Spain in any professional capacity on this case. Rule 3.08(c) only bans the lawyer-witness from representing his client before the tribunal. This implies that the attorney may still assist his client in preparation for trial. The Model Rules Committee of the State Bar of Texas which drafted the commentary to these rules reached the same conclusion when it stated, "This rule does not prohibit the lawyer who may or will be a witness from participating in the preparation of a matter for presentation to a tribunal." Rule 3.08 comment 8. This portion of the order creates a clear abuse of discretion for which Spain has no adequate remedy on appeal.

**Conclusion**

We conditionally grant the petition for writ of mandamus and direct Judge Montalvo to reform his order of disqualification in accordance with this opinion.

LOPEZ, Justice, dissenting.

I respectfully dissent and would grant writ to order rescission of the trial court's disqualification order *in toto*.

1. SUPREME COURT OF TEXAS, RULES GOVERNING THE STATE BAR OF TEXAS art. X, § 9 (Texas Disciplinary Rules of Professional Conduct) (Vernon Supp. 1996), *reprinted in* TEX. GOV'T CODE ANN. Title 2, Subtitle G—Appendix (Vernon Supp.1996). The State of Texas overhauled its rules for governing the conduct of licensed attorneys in 1989. The operative rules became effective on January 1, 1990, and are known as the Texas Disciplinary Rules of Professional Conduct. They are located in volume 3 of the Government Code at article X, section 9. In 1994, the Supreme Court amended Rule 3.08 to add the limiting phrase "as an advocate before a tribunal" to the first sentence. Rule 3.08 reads in full, as follows:

**Rule 3.08. Lawyer as Witness**

(a) A lawyer shall not accept or continue employment as an advocate before a tribunal in a contemplated or pending adjudicatory proceeding if the lawyer knows or believes that the lawyer is or may be a witness necessary to establish an essential fact on behalf of the lawyer's client, unless:

    (1) the testimony relates to an uncontested issue;

    (2) the testimony will relate solely to a matter of formality and there is no reason to believe that substantial evidence will be offered in opposition to the testimony;

**Rule 3.08**

Rule 3.08 of the Texas Disciplinary Rules of Professional Conduct forbids a lawyer from accepting or continuing employment as an advocate before a tribunal when he knows or reasonably believes he may be a witness necessary to establish an essential fact on behalf of his client.[1] The rule was crafted not as a rule of procedure, but rather as a rule defining proper conduct for disciplinary proceedings. *See* TEX.DISCIPLINARY R.PROF.CONDUCT preamble para. 10, Rule 3.08 comments 9 & 10 (Vernon Supp.1996); *Ayres v. Canales,* 790 S.W.2d 554, 556 n. 2 (Tex.1990); *House v. State,* 909 S.W.2d 214, 217 (Tex.App.—Houston [14th Dist.] 1995, no writ) (Rule 3.08 not well-suited as standard for procedural disqualification); *May v. Crofts,* 868 S.W.2d 397, 399 (Tex.App.—Texarkana 1993, no writ). As Robert Wise observed, "In most situations Texas Rule 3.08 makes the client the arbitrator of whether the lawyer-witness or his law firm can continue the representation. Accordingly, under the Texas Rules, the lawyer-witness rule should be a rare basis for disqualification motions in the future."[2] In this case, it is not the client who moved for disqualification, it is the opposing party.

    (3) the testimony relates to the nature and value of legal services rendered in the case;

    (4) the lawyer is a party to the action and is appearing pro se; or

    (5) the lawyer has promptly notified opposing counsel that the lawyer expects to testify in the matter and disqualification of the lawyer would work substantial hardship on the client.

(b) A lawyer shall not continue as an advocate in a pending adjudicatory proceeding if the lawyer believes that the lawyer will be compelled to furnish testimony that will be substantially adverse to the lawyer's client, unless the client consents after full disclosure.

(c) Without the client's informed consent, a lawyer may not act as advocate in an adjudicatory proceeding in which another lawyer in the lawyer's firm is prohibited by paragraphs (a) or (b) from serving as advocate. If the lawyer to be called as a witness could not also serve as an advocate under this Rule, that lawyer shall not take an active role before the tribunal in the presentation of the matter.

2. A review of opinions construing Rule 3.08 since its adoption in 1990 by this court finds only one reported case where the disciplinary rule has been used successfully as a procedural tool to

The rule poses a heavy burden on the party seeking disqualification. The moving party must not only present evidence that the testimony of the subject lawyer is "necessary," but must also connect that testimony to an "essential fact" of the non-movant's case.[3] *May v. Crofts*, 868 S.W.2d at 399. This test places a higher burden of proof upon the movant than was previously required under the Code of Professional Responsibility. As Robert Wise noted, "This permits a court to delay ruling until it can be determined that no other witness can testify or that the testimony is highly relevant to the dispute." Wise, *The Lawyer–Witness Rule*, 31 S.Tex.L.Rev. at 666.

At the hearing before Judge Montalvo, Poenisch stated repeatedly that he did not intend to testify, that he would introduce the five letters as business records, and would not need to personally testify to establish this evidence. Poenisch's testimony at the disqualification hearing does not invoke Rule 3.08(a). The fact that Poenisch drafted three of the five letters which he intends to offer as evidence in the conversion action does not automatically put him at odds with section (a) of the rule. *See May v. Crofts*, 868 S.W.2d at 399 (drafter of will not disqualified from defending will contest).

Although the burden of proof is movant's, at the hearing movant's counsel merely declared Poenisch to be a material witness, the one alleging what happened, the one alleging that parts of Pfeifer's file were missing. At that point Judge Montalvo simply shifted the burden to the non-movant, in effect, asking Mr. Poenisch to state why he is not a material witness.

Although not discussed at the hearing, Pfeifer, in his brief, analogizes these letters to the controverting affidavit used to defeat summary judgment in *Mauze v. Curry*. In that legal malpractice case, the Supreme Court found the extensive affidavit by defense counsel to be the equivalent of a testifying expert, indeed, the sole testifying expert on behalf of the client. The Supreme Court emphasized that "[t]here was no other expert evidence concerning legal malpractice or causation," and it found a clear abuse of discretion in the denial of the motion to disqualify counsel. *See Mauze v. Curry*, 861 S.W.2d 869, 870 (Tex.1993) (orig. proceeding).

Pfeifer also compares the Poenisch letters to the extensive testimony of a material fact witness and prosecuting attorney in *Warrilow v. Norrell*, 791 S.W.2d 515 (Tex.App.—Corpus Christi 1989, writ denied).[4] The testifying attorney was found to be a material fact witness who had designated himself to testify on essential elements of the claim. *Warrilow*, at 520. Both cases cited by Pfeifer involve extensive testimony initiated by the subject attorney on behalf of his client. Based on the meager evidence presented at the hearing in this case, however, I find the letters to be more analogous to the will contest situation in *May v. Crofts*.

In fact, it is opposing counsel who indicated he would call Poenisch as a fact witness in the conversion action. No evidence was presented by the movant which developed the specific facts to which Poenisch would be asked to testify or that such evidence was unavailable from any other source.[5] This is in sharp contrast to the record presented in *Warrilow* which clearly demonstrated the

disqualify a lawyer-witness. *See Mauze v. Curry*, 861 S.W.2d 869 (Tex.1993) (orig. proceeding).

**3.** Under the former Code of Professional Responsibility, a looser test for lawyer-witness disqualification existed. The test was whether the lawyer knew or it was obvious that he or a lawyer in his firm ought to be called to testify for the client. The language of DRs 5–101(B) and 5–102(A) was subject to ambiguity and criticism for encouraging abuse of the rule early in the development of the case before discovery had been conducted and trial strategies formulated. The new rule cures this problem by limiting disqualification proceedings with a more clear and narrow test, i.e., the testimony must be necessary and relate

to an essential fact. *See* Wise, "The Lawyer–Witness Rule," 31 S.Tex.L.Rev. at 664–66.

**4.** The *Warrilow* opinion involved the circumstances analyzed under the former Code of Professional Responsibility, nevertheless, the court noted it would reach a similar result under new Disciplinary Rules of Professional Conduct. *Warrilow*, 791 S.W.2d at 524 n. 11.

**5.** Although Pfeifer's counsel elaborated at oral argument on the testimony he intended to solicit from Poenisch, such was outside the record and may not be considered for purposes of this opinion.

lawyer's testimony to be material and necessary to the client's cause of action and did not fall within any exception to the former code provision prohibiting further representation in that instance. *See Warrilow*, 791 S.W.2d at 520. Nor does the disqualification order recite with any specificity the necessity of Poenisch to serve as a fact witness. The Supreme Court has stated that the trial court should be able to state without difficulty the precise factors establishing the disqualification. *See Coker*, 765 S.W.2d at 400; *e.g., United Pacific Ins. Co. v. Zardenetta*, 661 S.W.2d 244, 247, 249 (Tex.App.—San Antonio 1983, orig. proceeding) (pretrial order specified material facts which directly involved attorney's testimony).

The rule does not contain a specific provision to deal with testimony elicited on behalf of another party. Robert Wise suggests that such situations should be analyzed under rule 3.08(b). *See* Wise, *The Lawyer–Witness Rule*, 31 S.TEX.L.REV. at 672. Under section (b), a lawyer is not automatically disqualified merely because an opposing party intends to call him as a witness. The moving party must establish that the lawyer's testimony will be "substantially adverse" to his client. Even then, the lawyer may continue his representation with his client's consent. *Id.;* Rule 3.08(b). Pfeifer failed to present any evidence that Poenisch's testimony would be substantially adverse to Spain, and there is no evidence concerning Spain's position on this matter for purposes of section (b).

Finally, the party seeking disqualification must demonstrate actual prejudice to itself stemming from the dual role of a lawyer-witness opponent. *See* Rule 3.08 comment 10; *Ayres v. Canales*, 790 S.W.2d at 558; *May v. Crofts*, 868 S.W.2d at 399 & n. 2. Comment 4 of the rule recognizes that when the testimony of a lawyer concerns a controversial or contested matter, possible confu-

sion by the finder of fact may result in unfair prejudice to the opposing party. The *Ayres* court found a clear abuse of discretion where a judge disqualified a lawyer without the requisite demonstration of harm by the moving party. *Ayres*, at 558; *see also Stanley v. State*, 880 S.W.2d 219, 221 (Tex.App.—Fort Worth 1994, no pet.) (movant failed to show actual prejudice); *Johnson v. City of Houston*, 813 S.W.2d 227 (Tex.App.—Houston [14th Dist.] 1991, no writ) (movant failed to show actual prejudice).

Judge Montalvo did not hear any specific evidence of prejudice to the moving party. Without clearly stating what Poenisch's testimony would involve, Pfeifer asserted that it would nevertheless be disputed. The only harm analysis conducted dealt with the client's inability to find another lawyer should disqualification be ordered.[6] At oral argument, Pfeifer's counsel relied on *Warrilow* and *Koch Oil Co. v. Anderson Producing*, 883 S.W.2d 784 (Tex.App.—Beaumont 1994, writ granted), for the proposition that the opposing party is automatically, unequivocally prejudiced when an attorney takes the stand to testify while simultaneously serving as advocate in the matter. It is important to remember that in both of these cases, the testifying attorney put himself on the stand to present extensive fact and opinion evidence, he was not called to testify at the insistence of opposing counsel. In this case, the attorney states he intends to rely on other witnesses and procedures to present his evidence. For us to assume at this early stage in the development of the case that Poenisch's own testimony is essential to his client's case, would be premature and presumptuous. It would put this Court in the uncomfortable position of second-guessing the plaintiff's trial strategy when no specific evidence of such was presented to Judge

---

6. The issue of "substantial hardship" is found in exception (a)(5) to the Rule and permits a lawyer-witness to continue his representation in certain circumstances if disqualification would work a substantial hardship on the lawyer's client. When a lawyer intends to testify in such a situation he must give the opposing counsel prompt notice of this fact. The notice provision was added to prevent the testifying lawyer from creating a "substantial hardship" where none existed

initially, merely by representing the client throughout the pre-trial period and failing to notify opposing counsel of an intention to testify at trial. Robert P. Schuwerk and John F. Sutton, Jr., *A Guide to the Texas Disciplinary Rules of Professional Conduct*, 27A HOUSTON L.REV. 1, 321 (1990). Notice has not been given in this case because Poenisch has consistently stated that he does not intend to call himself as a witness.

**860**

Montalvo. *Cf.* Wise, *The Lawyer–Witness Rule,* 31 S.Tex.L.Rev. at 666.

Courts are required to utilize an exacting standard when considering motions to disqualify so that such motions are not misused as tactical weapons in litigation. *See* Rule 3.08 comment 10; *Spears v. Fourth Court of Appeals,* 797 S.W.2d 654, 656 (Tex.1990); *Ayres,* 790 S.W.2d at 558; *Coker,* 765 S.W.2d at 399. I would find that the trial court clearly abused its discretion when it ordered Poenisch disqualified based on real party's mere assertion that he intended to call Poenisch as a fact witness. The record reflects that Pfeifer did not meet his heavy burden of showing specific evidence that could only be elicited from Poenisch, and that should he testify, what specific harm Pfeifer would suffer as a result of Poenisch's dual role as lawyer and witness.

The order of disqualification should be rescinded for another reason, as well. The order itself also goes further than Rule 3.08 would require by forbidding Poenisch from participating in any capacity as an attorney in this litigation. In 1994, the rule was amended to clarify that such disqualifications were limited to appearances "as an advocate before a tribunal." SUPREME COURT OF TEXAS, RULES GOVERNING THE STATE BAR OF TEXAS art. X, § 9 (Texas Disciplinary Rules of Professional Conduct) (Vernon Supp.1996), *reprinted in* 3 TEX. GOV'T CODE ANN. Title 2, Subtitle G—Appendix (Vernon Supp.1996). The rule does not necessarily prohibit a testifying attorney from working on the case in some other capacity.