No. 04-98-00928-CV



IN RE Victor M. ESCOBEDO



Original Mandamus Proceeding(1)



Opinion by: Sarah B. Duncan, Justice


Sitting: Alma L. López, Justice

 Sarah B. Duncan, Justice

 Karen A. Angelini, Justice


Delivered and Filed: January 27, 1999


WRIT OF MANDAMUS CONDITIONALLY GRANTED


 Victor M. Escobedo seeks a writ of mandamus to compel the trial court to withdraw its order
disqualifying his attorney, Leonel Solis. Because there is no evidence supporting the trial court's
order, we conditionally grant the requested writ.

Factual and Procedural Background


 After Alfredo Ramirez sued Americas Contracting, Inc. and its president, Victor Escobedo,
Americas Contracting engaged Daniels & Daniels to represent it in Ramirez's suit. Daniels &
Daniels also represented Escobedo. Some time after the case was filed, Daniels & Daniels was
permitted to withdraw because it was not being paid. Escobedo opposed the motion to withdraw and
was represented by Leonel Solis at the withdrawal hearing. After Daniels & Daniels' motion was
granted, Solis represented Escobedo in the Ramirez suit. The following month Daniels & Daniels
sued Americas Contracting and Escobedo to collect its unpaid legal fees, most of which were
allegedly incurred in the Ramirez suit. Escobedo is represented in the Daniels & Daniels suit by
Solis. Daniels & Daniels moved to disqualify Solis, contending his disqualification is required by
Disciplinary Rule 3.08 because it will call Solis to testify regarding the quality of the services it
rendered in the Ramirez suit and the reasonableness of its fees and Solis' testimony will be adverse
to Escobedo and Americas Contracting. After an evidentiary hearing, the trial court granted Daniels
& Daniels' motion.

Requirements for Granting a Writ of Mandamus


 A writ of mandamus will issue to correct a clear abuse of discretion for which the remedy
by appeal is inadequate. Walker v. Packer, 827 S.W.2d 833, 839-40 (Tex. 1992). The remedy by
appeal is inadequate when the trial court erroneously disqualifies a party's chosen counsel from
representing him in a suit. See NCNB Texas Nat'l Bank v. Coker, 765 S.W.2d 398, 400 (Tex. 1989).

Standard of Review


 With respect to factual issues, an abuse of discretion is shown if the trial court could
reasonably have reached only one decision and failed to do so. Id. at 840. With respect to questions
of law, however, "[a] trial court has no 'discretion.'" Id. Therefore, a clear failure by the trial court
to analyze or apply the law correctly will constitute an abuse of discretion. Id.

Discussion


 Disciplinary Rule 3.08(b) provides:

 A lawyer shall not continue as an advocate in a pending adjudicatory proceeding if
the lawyer believes that the lawyer will be compelled to furnish testimony that will
be substantially adverse to the lawyer's client, unless the client consents after full
disclosure.


Tex. Disciplinary R. Prof'l. Conduct 3.08(b) (1994), reprinted in Tex. Gov't Code Ann., tit.
2, subtit. G, app. A (Vernon 1998) (Tex. State Bar R. art. X, § 9).(2) To justify disqualification
under Rule 3.08(b), the movant must establish the lawyer's testimony is "required for the movant's
[claim or] defense and prejudicial to the interests of the testifying attorney's client." Olguin v.
Jungman, 931 S.W.2d 607, 611 (Tex. App.--San Antonio 1996, no writ).

 Daniels & Daniels argues it will call Solis to testify regarding the quality of the services and
work product Daniels & Daniels provided in the Ramirez suit and the reasonable of its fees.
However, there is no evidence Solis' testimony is required for Daniels & Daniels to prove its claim
or that Solis' testimony would substantially prejudice Escobedo. Nor is there any evidence Solis
relied on any of the Daniels & Daniels work product that is relevant to the claims or defenses in this
suit. In short, Daniels & Daniels did not carry its burden, as the trial court recognized at the
conclusion of the evidentiary hearing: "[A]t this point this Court has no idea who will or will not be
a witness for either party on either side or in the counterclaim. ... [Solis] may or may not be a fact
witness." The trial court thus abused its discretion in disqualifying Solis. We therefore conditionally
grant the writ of mandamus. The writ will issue only if the trial court does not withdraw the order
disqualifying Solis from representing Escobedo within ten days of the date of this opinion.


 Sarah B. Duncan, Justice

DO NOT PUBLISH

1. The caption on the petition indicates the underlying case, Cause No. 244,715, styled Daniels and Daniels v.
Victor M. Escobedo, Individually, and Americas Contracting, Inc., was assigned to County Court at Law No. 7 of Bexar
County, Texas, in which the Honorable Bill C. White is the presiding judge; and the caption on the challenged order
indicates it is an order of that court. But the challenged order was signed by the Honorable Shay Gebhardt, the presiding
judge of County Court at Law No. 3 of Bexar County, Texas and the reporter's record indicates the hearing was
conducted in County Court at Law No. 3 and presided over by Judge Gebhardt.
2. Although the disciplinary standard does not govern a motion to disqualify, it does articulate the relevant
considerations and, absent countervailing considerations, stands as a guideline for determining the merits of the motion.
See Spears v. Fourth Court of Appeals, 797 S.W.2d 654, 656 (Tex. 1990); Ayres v. Canales, 790 S.W.2d 554, 556 n.2
(Tex. 1990); Spain v. Montalvo, 921 S.W.2d 852, 854 (Tex. App.--San Antonio 1996, orig. proceeding). Here, neither
the record nor the parties' arguments suggest countervailing considerations exist in this case. We therefore refer to Rule
3.08 for guidance in determining whether the trial court abused its discretion in disqualifying Solis. See In re Epic
Holdings, Inc., 42 Tex. S. Ct. J. 235, 1999 WL 2518 at *7 (Dec. 31, 1998).


Return to
4th Court of Appeals Opinions