In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-05-062 CV


____________________



IN THE INTEREST OF A.L.S.






On Appeal from the County Court at Law No. 3 


Montgomery County, Texas


Trial Cause No. 04-09-07644 CV






MEMORANDUM OPINION


 After the death of their son Morgan, appellants Larry and Mary Stephens filed suit 
requesting appointment as managing conservators of their grandson, A.L.S. See Tex. Fam.
Code Ann. § 102.003 (Vernon Supp. 2005), § 102.004 (Vernon 2003). The trial court ruled
the Stephens' attorney was disqualified, and then dismissed the suit for lack of standing. We
reverse and remand the cause for further proceedings consistent with this opinion. 

 Months before his death, Morgan filed for a divorce from A.L.S.'s mother, Leslie. 
Morgan and Leslie subsequently signed agreed temporary orders appointing Morgan as the
child's primary joint managing conservator with the right to establish A.L.S's primary
residence. A.L.S. and Morgan (and sometimes Leslie) lived at the Stephens' residence after
A.L.S's birth in May 2002 until Morgan's death. After Morgan's death, the Stephens sought
a temporary restraining order against Leslie and filed an original petition seeking managing
conservatorship of A.L.S. The trial court granted the temporary restraining order. The
Stephens contend they have been A.L.S.'s primary caretakers all of his life and have standing
under Family Code section 102.003. They say in an affidavit to support the restraining order
that Leslie's present living environment "presents a serious question concerning the child's
physical health or welfare" and that they have provided "the majority of the support and care
for our son, his wife and our grandson[.]" 

 Leslie filed an answer, a "motion to disqualify attorney for petitioners," and a 
"motion to strike suit affecting parent-child relationship" arguing the Stephens lacked
standing. At the hearing on the motion to strike, the court disqualified the Stephens' attorney
and dismissed the case. The Stephens filed a "motion for access and possession to child" and
a "motion to consider grandparent standing." The court refused to consider the motions
because of the dismissal ruling from the prior hearing, and denied the Stephens the
opportunity to present additional evidence. The judge signed an order based on the ruling
from the first hearing dismissing the suit "due to Petitioners' lack of standing to bring suit[.]"
The Stephens filed a motion for new trial based on newly discovered evidence regarding
A.L.S.'s present living environment. The trial court took no action on the motion and it was
overruled by operation of law. The trial court filed findings of fact and conclusions of law
to support the order of dismissal, permitted Leslie's trial counsel to withdraw and temporarily
enjoined Leslie from leaving Texas. 

 The Stephens appeal the court's disqualification of their attorney and dismissal of
their case. In issue one they argue the trial court abused its discretion in denying their motion
for new trial and refusing to grant a hearing to consider the newly discovered evidence. In
issues two and three, appellants state that the court erred in applying the "clear and
convincing" standard of proof and the parental presumption to the threshold determination
of standing. Appellants contend in issues four and five that the court abused its discretion
in disqualifying their attorney, and in not affording the appellants the opportunity to obtain
new counsel before summarily dismissing their suit. In issues six through eleven, the
appellants complain that they received little or no notice of trial prior to the dismissal, that
the trial court erred in not conducting a hearing or allowing them to present evidence on the
issue of standing, that the court dismissed their case without a motion for summary judgment
or notice of summary judgment, and that the court dismissed the case on the basis of a
"motion to strike." Their twelfth issue argues that the trial court abused its discretion in
dismissing their claim for access without an evidentiary hearing. In issue thirteen they
contend the trial court erred in finding that they failed to present sufficient evidence while
at the same time denying them an opportunity to present evidence. Finally, they state the
trial court did not have sufficient evidence to support its finding that it is in the child's best
interest the child's mother act as the child's managing conservator. Leslie did not file a brief
in response.

 "The question of who has standing to bring an original suit affecting the parent-child
relationship . . . is a threshold issue." In re SSJ-J, 153 S.W.3d 132, 134 (Tex. App.--San
Antonio 2004, no pet.) (quoting In re Pringle, 862 S.W.2d 722, 724 (Tex. App.--Tyler 1993,
no writ)). A trial court should determine whether a party has standing before determining
the merits of a dispute. Id. Standing is a question of law, and we review the issue de novo. 
Tex. Dep't of Transp. v. City of Sunset Valley, 146 S.W.3d 637, 646 (Tex. 2004). 

 Appellants claim they have standing under sections 102.003 and 102.004(a)(1) of the
Texas Family Code (Vernon Supp. 2005). (1) Subsection 102.003 of the Texas Family Code
sets forth who has general standing to file a suit affecting the parent-child relationship. See
Tex. Fam. Code Ann. § 102.003 (Vernon Supp. 2005). Subsection (a)(11) provides that an
original suit may be filed at any time by "a person with whom the child and the child's . . .
parent have resided for at least six months ending not more than 90 days preceding the date
of the filing of the petition if the child's . . . parent is deceased at the time of the filing of the
petition[.]" Tex. Fam. Code Ann. § 102.003(a)(11) (Vernon Supp. 2005). The affidavit of
Larry and Mary Stephens attached to the petition states that A.L.S. lived at the Stephens'
residence from May 2002 to September 20, 2004. The Stephens filed their petition on
September 21, 2004. Absent evidence to the contrary, we accept the standing allegations as
true. See Jansen v. Fitzpatrick, 14 S.W.3d 426, 431 (Tex. App.--Houston [14th Dist.] 2000,
no pet.). Construing the pleadings in favor of the appellants, they have alleged sufficient
facts to establish standing under subsection (a)(11). (2) See In re SSJ-J, 153 S.W.3d at 134
(holding that the court of appeals reviews an "order of dismissal for lack of standing by
construing the pleadings in favor of the plaintiff and looking to the pleader's intent"). 

 Appellants claim they also have standing under Texas Family Code Section
102.004(a)(1). We agree with appellants. Section 102.004(a)(1) confers standing to a
grandparent to file suit requesting managing conservatorship if there is adequate proof to the
court that "the order requested is necessary because the child's present environment presents
a serious question concerning the child's physical health or welfare[.]" Tex. Fam. Code
Ann. § 102.004(a)(1) (Vernon 2003); see McElreath v. Stewart, 545 S.W.2d 955, 958 (Tex.
1977). A sworn affidavit signed by Larry and Mary Stephens in support of the temporary
restraining order against Leslie asserts that Leslie has been diagnosed with bi-polar disorder,
has been under psychiatric care on and off, has been hospitalized on two separate occasions
and has threatened suicide. The affidavit also states that Leslie's "present living environment
and her mental state presents a serious question concerning the child's physical health and
welfare." With the motion to consider grandparent standing, they attached a sworn affidavit
from A.L.S.'s maternal aunt attesting to specific instances of Leslie's neglect and abuse of
A.L.S. Attached to the motion for new trial is an affidavit of Roy Jenkins attesting to
Leslie's failure to supervise and feed A.L.S., the existence of sexual promiscuity and
pornography in the home, and the unsanitary conditions of the home. 

 Leslie's counsel argued at the hearing on Leslie's motion to strike suit that the
parental presumption codified in Texas Family Code section 153.131 applies to the
determination of standing in a suit regarding the appointment of managing conservator of a
child. Section 153.131 mandates that a parent be appointed as sole managing conservator
of a child, or both parents as joint managing conservators, unless the appointment is not in
the best interest of the child. Tex. Fam. Code Ann. § 153.131 (Vernon 2002). See also
Troxel v. Granville, 530 U.S. 57, 120 S.Ct. 2054, 147 L.Ed.2d 49 (2000). The trial judge
determined that the parental presumption applied to the threshold determination of standing. 
We disagree with this ruling. 

 The San Antonio Court of Appeals has addressed this argument. See In re SSJ-J, 153
S.W.3d at 137-38. The court held that a petitioner seeking managing conservatorship under
Section 102.003(a)(9) of the Texas Family Code is not required to allege facts overcoming
the parental presumption in order to have standing. Id. The court noted that standing to sue
does not mean success on the merits, but merely the right to be heard in court. Id. Though
the petitioners had standing, they would still be required to overcome the parental
presumption in a trial on the merits. Id. However, the parental presumption does not apply
to the threshold determination of standing to bring a suit affecting the parent-child
relationship. Id. 

 Appellants argue in issues six through eleven the trial court should not have dismissed
the suit without notice of trial, without hearing any evidence, without conducting a threshold
hearing on standing, without a motion for summary judgment or insufficient notice of
summary judgment, and on the basis of a "motion to strike" without allowing appellants to
present any evidence on standing. We agree with appellants. Due process, at a minimum,
requires notice and an opportunity to be heard at a meaningful time and in a meaningful
manner. See U. of Tex. Med. Sch. at Houston v. Than, 901 S.W.2d 926, 930 (Tex. 1995). 
The judge did not permit the appellants to present evidence to support their allegations, yet
then found there was no evidence to support their pleadings. At the beginning of the hearing
on the motion to strike, the trial court judge stated that the appellants would be allowed to
put on evidence to prove that A.L.S.'s present environment presented serious questions
concerning his physical health and welfare, and if the evidence was insufficient, then the case
would be dismissed. However, the only evidence appellants were allowed to present was a
brief direct examination of Larry Stephens in which he testified his son had been married to
Leslie, A.L.S. was twenty-nine months old, and A.L.S. had lived with the Stephens almost
all of his life. Leslie's counsel interrupted the testimony, and the hearing turned to the issue
of disqualification of the Stephens' attorney. The court did not allow the appellants to put
on any additional evidence before disqualifying their attorney and dismissing their case. 
Specifically, the appellants were denied the opportunity to present evidence regarding their
claim that A.L.S.'s present environment presents a serious question concerning his physical
health or welfare. Appellants attached evidence to the motion for new trial, but the trial court
did not expressly rule on the motion and it was denied as a matter of law by passage of time. 

 Appellants argue in issues four and five that their attorney should not have been
disqualified, and even if the disqualification was proper, they should have been given the
opportunity to obtain new counsel before the dismissal of their case. We agree with
appellants. The trial judge granted Leslie's motion to disqualify the attorney, because of the
attorney's prior representation of Morgan in his divorce from Leslie. Leslie's motion
asserted that the attorney would be a fact witness as to why Morgan and Leslie entered into
the agreed temporary orders and as to why Leslie agreed for Morgan to have the right to
determine A.L.S.'s residency. Leslie based her disqualification argument on Texas
Disciplinary Rule of Professional Conduct 3[.]08(a) and Spain v. Montalvo, 921 S.W.2d 852
(Tex. App.--San Antonio 1996, orig. proceeding [leave denied]). See Tex. Disciplinary R.
Prof'l Conduct 3.08, reprinted in Tex. Gov't Code Ann., tit. 2, subtit. G app. A (Vernon
2005) (Tex. State Bar R. art. X, § 9). Rule 3.08(a) states: 

 (a) A lawyer shall not accept or continue employment as an advocate
before a tribunal in a contemplated or pending adjudicatory proceeding if the
lawyer knows or believes that the lawyer is or may be a witness necessary to
establish an essential fact on behalf of the lawyer's client, unless:

 (1) the testimony relates to an uncontested issue;

 (2) the testimony will relate solely to a matter of formality
and there is no reason to believe that substantial evidence
will be offered in opposition to the testimony; 

 (3) the testimony relates to the nature and value of legal
services rendered in the case;

 (4) the lawyer is a party to the action and is appearing pro se;
or

 (5) the lawyer has promptly notified opposing counsel that
the lawyer expects to testify in the matter and
disqualification of the lawyer would work substantial
hardship on the client.

 

Tex. Disciplinary R. Prof'l Conduct 3.08(a). 


 Disqualification is a severe remedy that can cause immediate harm by depriving a
party of the party's choice of counsel and by disrupting court proceedings. In re Sanders,
153 S.W.3d 54, 57 (Tex. 2004)(orig. proceeding). Merely showing a remote possibility of
a violation of the disciplinary rules does not merit disqualification. Spears v. Fourth Court
of Appeals, 797 S.W.2d 654, 656 (Tex. 1990)(orig. proceeding). If the reason for the motion
to disqualify is the assertion the attorney will be a witness, the moving party generally must
show that the testimony of the lawyer is "necessary" and that it goes to an "essential fact"
of the case. May v. Crofts, 868 S.W.2d 397, 399 (Tex. App.--Texarkana 1993, orig.
proceeding). Disqualification is not appropriate under this rule when opposing counsel
merely announces his intention to call the attorney as a fact witness; there must be a genuine
need for the attorney's testimony that is material to the claim. Gilbert McClure Enters. v.
Burnett, 735 S.W.2d 309, 311 (Tex. App.--Dallas 1987, orig. proceeding). Generally, the
party seeking disqualification must show that opposing counsel's dual role as a lawyer and
as a witness will cause the party prejudice. Ayres v. Canales, 790 S.W.2d 554, 558 (Tex.
1990)(orig. proceeding). 

 Comment 10 to Rule 3.08 provides an important disclaimer regarding the application
of the rule:

 [Rule 3.08] should not be used as a tactical weapon to deprive
the opposing party of the right to be represented by the lawyer
of his or choice. For example, a lawyer should not seek to
disqualify an opposing lawyer under this Rule merely because
the opposing lawyer's dual roles may involve an improper
conflict of interest with respect to the opposing lawyer's client,
for that is a matter to be resolved between lawyer and client or
in a subsequent disciplinary proceeding. Likewise, a lawyer
should not seek to disqualify an opposing lawyer by
unnecessarily calling that lawyer as a witness. Such unintended
applications of this Rule, if allowed, would subvert its true
purpose by converting it into a mere tactical weapon in
litigation.


Tex. Disciplinary R. Prof'l Conduct 3.08 cmt.10. 

 Leslie relied on Spain v. Montalvo at the trial court. Montalvo involved the
disqualification of counsel in a conversion suit based on the failure of the client's former
counsel to turn over all of the client's files. Spain, 921 S.W.2d at 853. The San Antonio
Court of Appeals noted that because the disqualified attorney would be called upon to testify
as to the contents of correspondence between himself and the former attorney, the contents
of the client's files, and the circumstances surrounding the demand for the files, the subject
matter of his testimony was "at the very heart of the dispute[.]" Id. at 856. The court upheld
the trial court's disqualification and found that the attorney's testimony was clearly necessary
to establish an essential fact, and that none of the exceptions in Rule 3.08 applied. Id. This
case is distinguishable from Montalvo. Leslie failed to show that the attorney's testimony
is necessary to establish an essential fact. Furthermore, once the trial court decided to
disqualify the attorney, the trial court should have given the appellants the opportunity to
obtain new counsel before ruling on the standing issue. 

 We need not address the remaining issues as the issues addressed are dispositive of
the appeal. We hold the trial court erred in not providing appellants an opportunity to present
evidence to support their allegations and in dismissing the appellants' claims based on lack
of standing. We reverse the judgment of the trial court and remand for further proceedings
consistent with this opinion.


 REVERSED AND REMANDED.

 _________________________________

 DAVID GAULTNEY

 Justice


Submitted on December 8, 2005

Opinion Delivered January 13, 2006


Before McKeithen, C.J., Gaultney, and Kreger, JJ.
1. Although the Stephens' petition does not specifically cite any statute as a basis for
standing, their motion for grandparent standing and motion for new trial assert they seek
standing under both sections 102.003 and 102.004(a)(1). 
2. Also, subsection (a)(9) of section 102.003 permits "a person, other than a foster
parent, who has had actual care, control, and possession of the child for at least six months
ending not more than 90 days preceding the date of the filing of the petition" to file a suit
affecting the parent-child relationship. Tex. Fam. Code Ann. § 102.003(a)(9) (Vernon
Supp. 2005). Appellants did not specifically plead they had "actual care, control, and
possession" of A.L.S. during the time he lived with his father and the Stephens.