**George W. MAUZE, II, Relator,**

v.

**The Honorable Peter Michael CURRY, Judge, Respondent.**

**No. D–3666.**

Supreme Court of Texas.

Sept. 10, 1993.

Rehearing Overruled Oct. 27, 1993.

Earle Cobb, Jr., San Antonio, for relator.

John Bevil, New Braunfels, for respondent.

PER CURIAM.

In this original proceeding, Relator George W. Mauze, II seeks a writ of mandamus directing the trial judge (1) to vacate his March 2, 1993 order denying Mauze's motion to disqualify counsel and (2) to grant Mauze's motion to disqualify counsel. Pursuant to Rule 122 of the Texas Rules of Appellate Procedure, without hearing oral argument, a majority of the court conditionally grants the writ of mandamus.

Mauze previously represented Cleta and Sam Sample in a personal injury case which was settled for $125,000. The settlement check was made payable to the Samples and their prior attorney, Tom Hall. Subsequently the Samples sued Mauze, asserting that he committed malpractice in causing them to endorse the settlement check with Tom Hall's name as payee. John Bevil represents the Samples in the legal malpractice case. Mauze filed a motion for summary judgment. Bevil personally signed and swore to a controverting affidavit testifying that in his opinion Mauze was negligent and that such negligence caused damages to the Samples. There was no other expert evidence concerning legal malpractice or causation. The trial judge denied the motion for summary judgment. Subsequently, Mauze filed a motion to disqualify Bevil because, by preparing and filing the controverting affidavit as the only expert witness, Bevil became a witness necessary to establish the essential facts—malpractice negligence and proximate cause.

The trial judge denied the motion to disqualify counsel.

Mauze argues that the trial judge abused his discretion when he denied Mauze's motion to disqualify counsel. We agree.

Rule 3.08(a) of the Texas Disciplinary Rules of Professional Conduct provides:

(a) A lawyer shall not accept or continue employment in a contemplated or pending adjudicatory proceeding if the lawyer knows or believes that the lawyer is or may be a witness necessary to establish an essential fact on behalf of the lawyer's client, unless:

(1) the testimony relates to an uncontested issue;

(2) the testimony will relate solely to a matter of formality and there is no reason to believe that substantial evidence will be offered in opposition to the testimony;

(3) the testimony relates to the nature and value of legal services rendered in the case;

(4) the lawyer is a party to the action and is appearing pro se; or

(5) the lawyer has promptly notified opposing counsel that the lawyer expects to testify in the matter and disqualification of the lawyer would work substantial hardship on the client.

SUPREME COURT OF TEXAS, RULES GOVERNING THE STATE BAR OF TEXAS art. X, § 9, Rule 3.08 (1990). Bevil effectively "testified" as an expert witness in the controverting affidavit in order to defeat Mauze's motion for summary judgment. Bevil's testimony does not come within any of the five exceptions enumerated in Rule 3.08(a). Consequently, the trial judge abused his discretion when he denied Mauze's motion to disqualify counsel. *See Warrilow v. Norrell,* 791 S.W.2d 515, 522–23 (Tex.App.—Corpus Christi 1989, writ denied).

Pursuant to Rule 122 of the Texas Rules of Appellate Procedure, without hearing oral argument, a majority of the court conditionally grants the writ of mandamus. The writ will issue only if the trial judge refuses to act in accordance with this opinion.