NUMBER 13-08-00082-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


 


IN RE: RAYMOND R. FULP, III, D.O.

 


On Petition for Writ of Mandamus 


MEMORANDUM OPINION



Before Justices Rodriguez, Garza, and Vela


Memorandum Opinion by Justice Vela


 

 In this petition for writ of mandamus, relator, Raymond R. Fulp, III, D.O. ("Dr. Fulp"),
seeks relief from a trial court order disqualifying his attorney, Ronald G. Hole, from
representing him in the underlying health care liability claim. We conditionally grant the
petition for writ of mandamus.


I. Background


 Real party in interest, Alfred Denham, filed a health care liability claim against Dr.
Fulp, claiming that Dr. Fulp failed to initially align his femur fracture in a proper anatomical
position and failed to provide proper internal fixation of the bone after Denham received
serious injuries in an automobile accident. After filing suit, Denham filed a notice of filing
medical records affidavits and affidavits regarding cost and necessity of service pursuant
to rule 902 of the Texas Rules of Evidence and section 18.001 of the Texas Civil Practice
and Remedies Code. Tex. R. Evid. 902; Tex. Civ. Prac. & Rem. Code Ann. §18.001
(Vernon Supp. 2007). In response, Dr. Fulp's counsel filed a counter-affidavit regarding
the cost and necessity of services and objections to the billing affidavits. The affidavit was
signed by Ronald Hole, Dr. Fulp's attorney. 

 Thereafter, Denham filed a motion to strike the affidavit and a motion to disqualify
Hole as counsel for Dr. Fulp. Denham argued that Hole injected himself into the lawsuit
as an expert and voluntarily subjected himself to being deposed as a retained expert
witness for Dr. Fulp. Respondent, the Honorable Fred Garza, entered an order
disqualifying Hole as counsel in the underlying suit. II. Propriety of Mandamus Relief


 Mandamus is appropriate to correct an erroneous order disqualifying counsel
because there is no adequate remedy by appeal. In re Sanders, 153 S.W.3d 54, 56 (Tex.
2004) (orig. proceeding) (per curiam); see also In re Hilliard, No. 13-05-223-CV, 2006 WL
1113512 (Tex. App.-Corpus Christi, Apr. 27, 2006, orig. proceeding). A trial court abuses
its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear
and prejudicial error of law, or if it clearly fails to correctly analyze or apply the law. Walker
v. Packer, 827 S.W.2d 833, 839-40 (Tex. 1992).III. Substantive Law Of Disqualification


 Although disciplinary rule 3.08 was promulgated as a disciplinary standard rather
than one of procedural disqualification, the supreme court has recognized that the rule
provides guidelines relevant to a disqualification determination. In re Sanders, 153 S.W.3d
at 56. The rule states, in part:

 (a) A lawyer shall not accept or continue employment as an advocate
before a tribunal in a contemplated or pending adjudicatory proceeding if the
lawyer knows or believes that the lawyer is or may be a witness necessary
to establish an essential fact on behalf of the lawyer's client, unless:


 (1) the testimony relates to an uncontested issue;

 

 (2) the testimony will relate solely to a matter of formality and there is
no reason to believe that substantial evidence will be offered in
opposition to the testimony;

 

 (3) the testimony relates to the nature and value of the legal services
rendered in the case;

 

 (4) the lawyer is a party to the action and is appearing pro se; or

 

 (5) the lawyer has promptly notified opposing counsel that the lawyer
expects to testify in the matter and disqualification of the lawyer would
work a substantial hardship on the client.

Tex. Disciplinary R. Prof'l Conduct 3.08(a), reprinted in Tex. Gov't Code, tit. 2, subtit.
G app. A (Tex. State Bar R. art. X, § 9).

 The supreme court has iterated that disqualification is a severe remedy. In re
Sanders, 153 S.W.3d at 57. Disqualification can cause immediate harm by depriving a
party of its chosen counsel and disrupting court proceedings. Id.; In re Nitla S.A. de C.V.,
92 S.W.3d 419, 423 (Tex. 2002) (orig. proceeding) (per curiam). The fact that a lawyer
serves as both an advocate and a witness does not, by itself, compel disqualification. In
re Sanders, 153 S.W.3d at 57. Disqualification is only appropriate if the lawyer's testimony
is required to establish an essential fact. Id. Even if an attorney violates a disciplinary rule,
the party requesting disqualification must demonstrate that the opposing lawyer's dual
roles as attorney and witness will cause actual prejudice and requires disqualification. Id. 
In cases where an attorney has viewed documents later determined to be privileged, the
party moving for disqualification must show that disqualification is necessary because the
trial court lacks any lesser means to remedy the moving party's harm. In re Nitla, 92
S.W.3d at 423. 

IV. Analysis

 

 Denham urges in his motion to disqualify that by filing a counter-affidavit containing
counsel's alleged fact and opinion testimony regarding substantive matters in dispute in
this litigation, Hole voluntarily injected himself into the case as a fact and expert witness. 
The gist of Hole's affidavit is that the various affidavits filed on Denham's behalf concerning
cost and necessity of services are insufficient for purposes of establishing the cost and
necessity of services pursuant to section 18.001 of the Texas Civil Practice and Remedies
Code. For instance, Hole's affidavit states, in part:

 The affidavit signed by Elizabeth Zamora, concerning the cost and
necessity of services provided by McAllen Medical Center, is insufficient for
purposes and establishing cost of necessity of services pursuant to § 18.001
of the Texas Civil Practice & Remedies Code. Ms. Zamora states that the
services provided were necessary and the amount charged for the services,
which totaled $261,365.65, was reasonable. However, the affidavit provided
does not state the amount actually paid or incurred by or on behalf of Alfred
Denham, as required by § 41.0105 of the Texas Civil Practice & Remedies
Code. Without such statement, Defendant Fulp cannot more specifically
controvert the claims reflected in Ms. Zamora' affidavit and it is impossible
to determine, from such affidavit, the accurate and total amount paid or
incurred by or on behalf of Plaintiff to McAllen Medical Center. Furthermore,
it appears that Ms. Zamora is without the background, training or experience
necessary to opine as to the reasonableness of the charges or the necessity
of such services. Therefore, there is a lack of foundation.


 Hole's affidavit reiterates the same statements with regard to the other affidavits
submitted by Denham. At the hearing on the motion to strike, counsel for Denham
suggested three reasons for striking that Mr. Hole's affidavit: (1) the objections are
improper under section 18.001; (2) Hole was not qualified to make the affidavit; and (3)
Hole made himself a witness by preparing the affidavit. Hole argued that he was not
making himself a witness because the affidavit was merely a formality. 

 At the hearing, Denham presented no evidence showing that Hole's affidavit would
cause actual prejudice as required by the case law. The burden is clearly on the party
seeking disqualification to establish actual prejudice. In re Sanders, 153 S.W.3d at 57. 
Denham failed to meet this burden by neither arguing nor explaining to the trial court how
Hole's affidavit caused actual prejudice. We believe the trial court did not have discretion
to grant the motion to disqualify Dr. Fulp's counsel absent evidence of actual prejudice. 
The trial court should also have looked at less severe means of remedying the perceived
problems with Hole's affidavit before granting the motion to disqualify. For instance, one
of Denham's suggested alternatives was a request to strike Hole's affidavit. 

 In circumstances such as those presented here, the trial court should have looked
at less severe means before disqualifying Dr. Fulp's counsel. See In re Nitla, 92 S.W.3d
at 423. We further find that it was premature to grant a motion to disqualify without first
considering the propriety of the affidavit itself. For instance, if Hole's affidavit did not meet
the requirements of section 18.001(f), the court could have stricken the affidavit instead of
disqualifying counsel. However, we express no opinion on the correctness of the affidavits
filed by Denham or the controverting affidavit filed by Mr. Hole. 

 The cases cited by Denham are clearly distinguishable from the circumstances here. 
For example, in Mauze v.Curry, 861 S.W.2d 869, 870 (Tex. 1993) (orig. proceeding) (per
curiam), an attorney representing a plaintiff in a legal malpractice case signed a
controverting affidavit as summary judgment evidence regarding defendant's negligence
and causation. Id. The supreme court determined that plaintiff's counsel testified as an
expert witness and ordered disqualification. Id. Hole's affidavit in this case was more akin
to an objection to the form of the affidavits. He pointed out defects in the affidavits, but did
not purport to testify as to the substance of the billing records. In Mauze, the attorney
testified, by affidavit, to two essential elements of a legal malpractice case-negligence and
causation. Id. The controverting contents of the affidavit here dealt merely with the
alleged procedural defects in the affidavits. Again, we do not address the propriety of the
affidavits filed by either party pursuant to section 18.001. Our holding is limited to the
disqualification order.

 Because Denham failed to show on the record that was before the trial court that
he was prejudiced in any way, and because the law in Texas allows for disqualification of
counsel only in the most serious circumstances, we conclude that the trial court abused its
discretion in granting the disqualification order.



V. Conclusion


 Relator's petition for writ of mandamus requesting respondent to vacate his January
22, 2008 order disqualifying relator's counsel is conditionally granted. The writ will issue
only if the trial court fails to comply. Relator's motion to recover costs and attorney's fees
pursuant to Tex. R. App. P. 43.4 is denied. 

 

 

 

 ROSE VELA

 Justice


Memorandum Opinion delivered and 

filed this 24th day of April, 2008.