

# NUMBER 13-08-00082-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN RE: RAYMOND R. FULP, III, D.O.

## On Petition for Writ of Mandamus

## MEMORANDUM OPINION

**Before Justices Rodriguez, Garza, and Vela**
**Memorandum Opinion by Justice Vela**

In this petition for writ of mandamus, relator, Raymond R. Fulp, III, D.O. ("Dr. Fulp"), seeks relief from a trial court order disqualifying his attorney, Ronald G. Hole, from representing him in the underlying health care liability claim. We conditionally grant the petition for writ of mandamus.

## I. Background

Real party in interest, Alfred Denham, filed a health care liability claim against Dr. Fulp, claiming that Dr. Fulp failed to initially align his femur fracture in a proper anatomical position and failed to provide proper internal fixation of the bone after Denham received serious injuries in an automobile accident. After filing suit, Denham filed a notice of filing medical records affidavits and affidavits regarding cost and necessity of service pursuant to rule 902 of the Texas Rules of Evidence and section 18.001 of the Texas Civil Practice and Remedies Code. TEX. R. EVID. 902; TEX. CIV. PRAC. & REM. CODE ANN. §18.001 (Vernon Supp. 2007). In response, Dr. Fulp's counsel filed a counter-affidavit regarding the cost and necessity of services and objections to the billing affidavits. The affidavit was signed by Ronald Hole, Dr. Fulp's attorney.

Thereafter, Denham filed a motion to strike the affidavit and a motion to disqualify Hole as counsel for Dr. Fulp. Denham argued that Hole injected himself into the lawsuit as an expert and voluntarily subjected himself to being deposed as a retained expert witness for Dr. Fulp. Respondent, the Honorable Fred Garza, entered an order disqualifying Hole as counsel in the underlying suit.

## II. Propriety of Mandamus Relief

Mandamus is appropriate to correct an erroneous order disqualifying counsel because there is no adequate remedy by appeal. *In re Sanders*, 153 S.W.3d 54, 56 (Tex. 2004) (orig. proceeding) (per curiam); *see also In re Hilliard*, No. 13-05-223-CV, 2006 WL 1113512 (Tex. App.–Corpus Christi, Apr. 27, 2006, orig. proceeding). A trial court abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law, or if it clearly fails to correctly analyze or apply the law. *Walker*

2

*v. Packer*, 827 S.W.2d 833, 839-40 (Tex. 1992).

### III. SUBSTANTIVE LAW OF DISQUALIFICATION

Although disciplinary rule 3.08 was promulgated as a disciplinary standard rather than one of procedural disqualification, the supreme court has recognized that the rule provides guidelines relevant to a disqualification determination. *In re Sanders*, 153 S.W.3d at 56. The rule states, in part:

> (a) A lawyer shall not accept or continue employment as an advocate before a tribunal in a contemplated or pending adjudicatory proceeding if the lawyer knows or believes that the lawyer is or may be a witness necessary to establish an essential fact on behalf of the lawyer's client, unless:
>
> (1) the testimony relates to an uncontested issue;
>
> (2) the testimony will relate solely to a matter of formality and there is no reason to believe that substantial evidence will be offered in opposition to the testimony;
>
> (3) the testimony relates to the nature and value of the legal services rendered in the case;
>
> (4) the lawyer is a party to the action and is appearing pro se; or
>
> (5) the lawyer has promptly notified opposing counsel that the lawyer expects to testify in the matter and disqualification of the lawyer would work a substantial hardship on the client.

TEX. DISCIPLINARY R. PROF'L CONDUCT 3.08(a), *reprinted in* TEX. GOV'T CODE, tit. 2, subtit. G app. A (TEX. STATE BAR R. art. X, § 9).

The supreme court has iterated that disqualification is a severe remedy. *In re Sanders*, 153 S.W.3d at 57. Disqualification can cause immediate harm by depriving a party of its chosen counsel and disrupting court proceedings. *Id.*; *In re Nitla S.A. de C.V.,* 92 S.W.3d 419, 423 (Tex. 2002) (orig. proceeding) (per curiam). The fact that a lawyer

serves as both an advocate and a witness does not, by itself, compel disqualification. *In re Sanders*, 153 S.W.3d at 57. Disqualification is only appropriate if the lawyer's testimony is required to establish an essential fact. *Id*. Even if an attorney violates a disciplinary rule, the party requesting disqualification must demonstrate that the opposing lawyer's dual roles as attorney and witness will cause actual prejudice and requires disqualification. *Id.* In cases where an attorney has viewed documents later determined to be privileged, the party moving for disqualification must show that disqualification is necessary because the trial court lacks any lesser means to remedy the moving party's harm. *In re Nitla*, 92 S.W.3d at 423.

## IV. ANALYSIS

Denham urges in his motion to disqualify that by filing a counter-affidavit containing counsel's alleged fact and opinion testimony regarding substantive matters in dispute in this litigation, Hole voluntarily injected himself into the case as a fact and expert witness. The gist of Hole's affidavit is that the various affidavits filed on Denham's behalf concerning cost and necessity of services are insufficient for purposes of establishing the cost and necessity of services pursuant to section 18.001 of the Texas Civil Practice and Remedies Code. For instance, Hole's affidavit states, in part:

> The affidavit signed by Elizabeth Zamora, concerning the cost and necessity of services provided by McAllen Medical Center, is insufficient for purposes and establishing cost of necessity of services pursuant to § 18.001 of the Texas Civil Practice & Remedies Code. Ms. Zamora states that the services provided were necessary and the amount charged for the services, which totaled $261,365.65, was reasonable. However, the affidavit provided does not state the amount actually paid or incurred by or on behalf of Alfred Denham, as required by § 41.0105 of the Texas Civil Practice & Remedies Code. Without such statement, Defendant Fulp cannot more specifically controvert the claims reflected in Ms. Zamora' affidavit and it is impossible to determine, from such affidavit, the accurate and total amount paid or

4

incurred by or on behalf of Plaintiff to McAllen Medical Center. Furthermore, it appears that Ms. Zamora is without the background, training or experience necessary to opine as to the reasonableness of the charges or the necessity of such services. Therefore, there is a lack of foundation.

Hole's affidavit reiterates the same statements with regard to the other affidavits submitted by Denham. At the hearing on the motion to strike, counsel for Denham suggested three reasons for striking that Mr. Hole's affidavit: (1) the objections are improper under section 18.001; (2) Hole was not qualified to make the affidavit; and (3) Hole made himself a witness by preparing the affidavit. Hole argued that he was not making himself a witness because the affidavit was merely a formality.

At the hearing, Denham presented no evidence showing that Hole's affidavit would cause actual prejudice as required by the case law. The burden is clearly on the party seeking disqualification to establish actual prejudice. *In re Sanders*, 153 S.W.3d at 57. Denham failed to meet this burden by neither arguing nor explaining to the trial court how Hole's affidavit caused actual prejudice. We believe the trial court did not have discretion to grant the motion to disqualify Dr. Fulp's counsel absent evidence of actual prejudice. The trial court should also have looked at less severe means of remedying the perceived problems with Hole's affidavit before granting the motion to disqualify. For instance, one of Denham's suggested alternatives was a request to strike Hole's affidavit.

In circumstances such as those presented here, the trial court should have looked at less severe means before disqualifying Dr. Fulp's counsel. *See In re Nitla*, 92 S.W.3d at 423. We further find that it was premature to grant a motion to disqualify without first considering the propriety of the affidavit itself. For instance, if Hole's affidavit did not meet the requirements of section 18.001(f), the court could have stricken the affidavit instead of

5

disqualifying counsel. However, we express no opinion on the correctness of the affidavits filed by Denham or the controverting affidavit filed by Mr. Hole.

The cases cited by Denham are clearly distinguishable from the circumstances here. For example, in *Mauze v.Curry*, 861 S.W.2d 869, 870 (Tex. 1993) (orig. proceeding) (per curiam), an attorney representing a plaintiff in a legal malpractice case signed a controverting affidavit as summary judgment evidence regarding defendant's negligence and causation. *Id*. The supreme court determined that plaintiff's counsel testified as an expert witness and ordered disqualification. *Id*. Hole's affidavit in this case was more akin to an objection to the form of the affidavits. He pointed out defects in the affidavits, but did not purport to testify as to the substance of the billing records. In *Mauze*, the attorney testified, by affidavit, to two essential elements of a legal malpractice case–negligence and causation. *Id*. The controverting contents of the affidavit here dealt merely with the alleged procedural defects in the affidavits. Again, we do not address the propriety of the affidavits filed by either party pursuant to section 18.001. Our holding is limited to the disqualification order.

Because Denham failed to show on the record that was before the trial court that he was prejudiced in any way, and because the law in Texas allows for disqualification of counsel only in the most serious circumstances, we conclude that the trial court abused its discretion in granting the disqualification order.

## V. CONCLUSION

Relator's petition for writ of mandamus requesting respondent to vacate his January

22, 2008 order disqualifying relator's counsel is conditionally granted. The writ will issue only if the trial court fails to comply. Relator's motion to recover costs and attorney's fees pursuant to TEX. R. APP. P. 43.4 is denied.


ROSE VELA
Justice


Memorandum Opinion delivered and
filed this 24th day of April, 2008.