ACCEPTED
01-15-00016-cv
FIRST COURT OF APPEALS
HOUSTON, TEXAS
2/9/2015 1:18:33 PM
CHRISTOPHER PRINE
CLERK

NO.01-15-0016-CV

IN THE COURT OF APPEALS FOR THE

FIRST DISTRICT OF TEXAS

HOUSTON, TEXAS

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS

2/9/2015 1:18:33 PM

CHRISTOPHER A. PRINE
Clerk

_____

*In re Texas Technical Services, Inc.*

*Relator*

_____

## RELATOR'S REPLY BRIEF

Original Proceeding from Cause No. 2014-16785

*Parking Guidance Systems, LLC v. Texas Technical Services, Inc.*

In the 133rd Judicial District Court of Harris County, Texas

_____

LAMBRIGHT & ASSOCIATES

Casey Jon Lambright
State Bar No. 00794136
Andrew J. Mihalick
State Bar No. 24046439
2603 Augusta, Suite 1100
Houston, Texas 77057
(713) 840-1515
(713) 840-1521 (FAX)

**ATTORNEYS FOR RELATOR**
**TEXAS TECHNICAL**
**SERVICES, INC.**

NO.01-15-0016-CV
IN THE COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS
HOUSTON, TEXAS

_____

*In re Texas Technical Services, Inc.*
*Relator*

_____

**RELATOR'S REPLY BRIEF**

TO THE HONORABLE JUSTICES OF THIS COURT:

COMES NOW, Relator TEXAS TECHNICAL SERVICES, INC. ("TTSI"), filing its Reply to Respondent PARKING GUIDANCE SYSTEMS, LLC's ("PGS") Response to Its Petition for Writ of Mandamus, and respectfully shows as follows:

### *PGS Misses the Point and Misstates the Law*

**Of Course Mandamus Lies for Improper Attorney Disqualifications**

To begin with, PGS goes so far as to argue that mandamus is not available in cases of attorney disqualification even though <u>virtually every case cited in TTSI's brief is a mandamus case wherein a lower court's attorney disqualification order was reversed or severely circumscribed.</u>[1] That PGS would spend more than two pages attempting to argue to this Court that mandamus is not available in this instance demonstrates the type of cavalier advocacy that resulted in the improper disqualification order in the first place, and the concomitant waste of time, money

---

[1] *TTSI's Petition, pp. 31-40.*

and judicial resources attributable to its purely tactical behavior. PGS cites no cases to support the proposition that mandamus is not available in this instance[2]—because there are none.

### PGS' Selective Citation of *Some* Rule 3.08 Comments and Misstatement of Prevailing Case Law is Unavailing

In its attempt to bolster the lower court's improper disqualification order, PGS ignores the express limitations of Rule 3.08 set by *stare decisis,* the very text of the Rule, and the comments thereto.[3] PGS also ignores the Texas Supreme Court cases and binding precedent from this and the Fourteenth District cited by TTSI that clearly establish that the lower court's order is improper. Instead, PGS relies on disingenuous citations to case law lacking precedential authority to support a premise that is not even addressed by Rule 3.08.[4]

### PGS Misstates *Leyendecker*

A primary case PGS cites to support the lower court's disqualification order is this Court's *In re Leyendecker* decision, which should be should be well known by members of this panel.[5] *Leyendecker* also resulted in the overturning of a disqualification order:

> We hold that Diana's request for disqualification did not meet the exacting standards by which motions to disqualify opposing counsel

---

[2] *E.g.,* Respondent's Response at p. 18.
[3] *See* Respondent's Response Brief, pp. 19-20.
[4] *E.g.,* Respondent's Response Brief at pp. 20-22.
[5] Respondent's Response Brief, p. 20.

must be judged, and that the trial court's order disqualifying Gross from serving as Charles's attorney constitutes an abuse of discretion for which there is no adequate remedy by appeal. Accordingly, we direct the trial court to vacate its order disqualifying Gross from representing Charles in the underlying proceeding. Our writ of mandamus will issue only if the trial court does not comply.[6]

Preliminarily, *Leyendecker* is one of a litany of cases that unequivocally states that mandamus is available to challenge a trial court's order disqualifying a party's legal counsel.[7] *The Leyendecker* decision also shows just how exacting the standard is to disqualify an opposing party's counsel.[8] In *Leyendecker,* this Court reversed the lower court's disqualification order even though (1) the disqualified attorney invoked none of the exceptions to the general rule of 3.08, and (2) the lower court held a full evidentiary hearing in which the challenged attorney and the challenging party both testified and provided evidence.[9]

Unlike in *Leyendecker,* the lower court in the instant case followed no "exacting standards" in disqualifying TTSI's counsel.[10] PGS adduced no competent evidence to prove that TTSI's counsel (and their entire law firm) may be a witness necessary to establish an essential fact on TTSI's (its client's) behalf, or that TTSI's counsel's purported testimony relates to a contested issue.[11] Furthermore, PGS made no evidentiary showing to win such relief, nor did the

---

[6] *In re Leyendecker,* 2012 Tex. App. LEXIS 6581 at *11.
[7] *Id.* at ** 3-4 (stating as much under the first headnote).
[8] *Id.*
[9] *Id.* At **3-10.
[10] *TTSI's Petition, pp. 24-30.*
[11] Id.

lower court conduct an evidentiary hearing or make any findings of fact at any time prior to disqualifying counsel.[12]  Instead, PGS argues that because it wishes to call TTSI's attorneys as witnesses concerning pre-lawsuit demands they made on behalf of TTSI prior to suing PGS and its principals in another lawsuit predating the instant one, TTSI's counsel (and their entire law firm) must be disqualified.[13]

PGS' topsy-turvy attempt to misapply Rule 3.08 to the facts of this case notwithstanding, the lower court's lack of compliance with the "exacting standards" appurtenant to disqualifying attorneys under Rule 3.08 establishes that the disqualification order was an abuse of discretion that must be rectified.

## PGS Skips Over the Controlling Facts of *Mauze v. Curry*

PGS cites *Mauze,* an extremely short Texas Supreme Court opinion, as a case that supports the abject disqualification of attorneys who become witnesses.[14] However, *Mauze* was a case where the attorney to be disqualified was the sole provider of essential evidence on behalf of <u>his</u> client; the challenging party did not seek to elicit evidence from him, as PGS has done here, so as to disqualify him from the case.[15]

---

[12] *Id.*

[13] *Id. at pp.  12-19.*

[14] *Respondent's Response Brief at p. 21.*

[15]*Mauze v. Curry,* 861 S.W. 2d 869, 870 (Tex. 1993).

Again, PGS incorrectly argues that TTSI's attorneys should be disqualified because PGS wants to call them to testify to facts needed by PGS.[16] This is not the Rule 3.08 standard.[17] Because neither TTSI nor its counsel seek to provide any essential evidence in this case on TTSI's behalf, nor is any testimony by TTSI's attorneys necessary to establish facts essential to TTSI, Rule 3.08 arguably does not even apply.

Nonetheless, as discussed in pages 37 through 42 of TTSI's Petition, pre-suit communications between TTSI's counsel and others, alone, do not establish PGS' tortious interference claim and TTSI's counsel are not the only sources of such evidence.[18] Furthermore, PGS has the burden to prove other elements of its tortious interference claim—such as an underlying contract/relationship, causation and damages—that have nothing to do with TTSI's counsel.[19] This is fatal to not only to the disqualification of TTSI's counsel, but to PGS' entire case.

---

[16] *Respondent's Response Brief, at p. 20-22.*

[17] *TTSI's Petition, pp. 32-40.*

[18] For example, PGS could always depose or call as witnesses the recipients of the complained of communications who ultimately ceased any business relations with PGS purportedly as a result of said communications. TTSI's attorneys are not the sole possessors of such "evidence." In any event, PGS also needs to show causation and damages, which it cannot do with the testimony of TTSIs attorneys. *See TTSI's Petition, 17-24, 39.*

[19] *See TTSI's Petition, pp. 37-40.*

**The Lower Court's Wholesale Disqualification of
TTSI Attorneys is Against the Great Weight of
Precedential Authority, Not to Mention Rule 3.08 Itself**

What PGS cannot explain or hope to support is the lower court's summary disqualification of the entire firm representing TTSI whole hog, well before any portion of this case will go before a jury (if it ever gets that far, giving the underlying claims and TTSI's unassailable defenses). Specifically, comments 5, 8, 9 and 10 to Rule 3.08, which are embodied in the cases cited by TTSI on pages 31-40, instruct that such wholesale attorney disqualification is improper.[20]  The lower

_____

[20] Comments 5, 8 and 9 state as follows:

> 5. Paragraph (a)(1) recognizes that if the testimony will be uncontested, the ambiguities in the dual role are purely theoretical. Paragraph (a)(2) recognizes that similar considerations apply if a lawyer's testimony relates solely to a matter of formality and there is no reason to believe that substantial opposing evidence will be offered. In each of those situations requiring the involvement of another lawyer would be a costly procedure that would serve no significant countervailing purpose.

> 8. This rule does not prohibit the lawyer who may or will be a witness from participating in the preparation of a matter for presentation to a tribunal. To minimize the possibility of unfair prejudice to an opposing party, however, the Rule prohibits any testifying lawyer who could not serve as an advocate from taking an active role before the tribunal in the presentation of the matter. See paragraph (c). Even in those situations, however, another lawyer in the testifying lawyer's firm may act as an advocate, provided the client's informed consent is obtained.

> 9. Rule 3.08 sets out a disciplinary standard and is not well suited to use as a standard for procedural disqualification. As a disciplinary rule it serves two principal purposes. The first is to insure that a client's case is not compromised by

court's summary disqualification of the entire law firm of TTSI's long time legal counsel under the facts herein presented is a clear abuse of discretion.[21]

Below, and in the instant proceedings, PGS fails to address why comments 5, 8, 9 and/or 10, or the prevailing law governing the applicable exceptions to attorney disqualifications pursuant to Rule 3.08, do not apply in this case. Comment 9 to the Rule, which is cited in virtually every case on this issue, should control the outcome of this issue:

> Rule 3.08 sets out a disciplinary standard and is not well suited to use as a standard for procedural disqualification. <u>As a disciplinary rule it serves two principal purposes. The first is to insure that a client's case</u>
>
> being represented by a lawyer who could be a more effective witness for the client by not also serving as an advocate. See paragraph (a). The second is to insure that a client is not burdened by counsel who may have to offer testimony that is substantially adverse to the clients cause. See paragraph (b).
>
> 10. This Rule may furnish some guidance in those procedural disqualification disputes where the party seeking disqualification can demonstrate actual prejudice to itself resulting from the opposing lawyer's service in the dual roles. However, it should not be used as a tactical weapon to deprive the opposing party of the right to be represented by the lawyer of his or her choice. For example, a lawyer should not seek to disqualify an opposing lawyer under this Rule merely because the opposing lawyer's dual roles may involve an improper conflict of interest with respect to the opposing lawyer's client, for that is a matter to be resolved between lawyer and client or in a subsequent disciplinary proceeding. Likewise, a lawyer should not seek to disqualify an opposing lawyer by unnecessarily calling that lawyer as a witness. Such unintended applications of this Rule, if allowed, would subvert its true purpose by converting it into a mere tactical weapon in litigation.

---

[21]Notably, the hardship imposed on a client by such an attorney-witness forms an exception to the general disqualification "rule." TEX. R. PROF'L CONDUCT 3.08 § (a) (5). Most of the cases cited by PGS resulted in reversal of disqualification orders and in fact support reversal in this case as well. *E.g., In re Leyendecker,*2012 Tex. App. LEXIS 6581.

> is not compromised by being represented by a lawyer who could be a more effective witness for the client by not also serving as an advocate. See paragraph (a). The second is to insure that a client is not burdened by counsel who may have to offer testimony that is substantially adverse to the clients cause. See paragraph (b).[22]

Neither of the two purposes cited in comment 9 to Rule 3.08 are being served by disqualifying TTSI's attorneys and their entire law firm.

Furthermore, no one contends that TTSI needs its legal counsel (or their firm) to establish an essential fact on their behalf—rather, PGS argues that PGS needs TTSI's testimony to establish a fact on PGS' behalf. Rule 3.08 does not even address this scenario, except for the proscription provided in comment 10:

> However, it should not be used as a tactical weapon to deprive the opposing party of the right to be represented by the lawyer of his or her choice. For example, a lawyer should not seek to disqualify an opposing lawyer under this Rule merely because the opposing lawyer's dual roles may involve an improper conflict of interest with respect to the opposing lawyer's client, for that is a matter to be resolved between lawyer and client or in a subsequent disciplinary proceeding. Likewise, a lawyer should not seek to disqualify an opposing lawyer by unnecessarily calling that lawyer as a witness. Such unintended applications of this Rule, if allowed, would subvert its true purpose by converting it into a mere tactical weapon in litigation.[23]

---

[22] TEX. R. PROF'L CONDUCT 3.08, cmt. 9 (emphasis added).

[23] *Id.* at cmt. 10 (emphasis added).

Given that PGS' argument for disqualification fails to even facially meet the preliminary dictate of Rule 3.08 and the governing cases,[24] how could the trial court's disqualification not be an abuse of discretion?  Certainly not pursuant to PGS' argument, without citation to authority,  that "Texas courts have routinely disqualified attorneys who attempt to serve as advocate and witness..."[25] and therefore the same  rote mandate should be applied under the facts of this case.

### *Conclusion*

If the purpose behind Rule 3.08 disqualifications is to prevent juror confusion and to reduce conflicts of interest between a lawyer and its client,[26] then how does disqualifying an entire law firm well before any proceedings before a jury will take place based solely on the movant's request fulfill that purpose? Quite simply, it does not.

Importantly, the events giving rise to TTSI's claims against PGS and its principals in the 129th case, which predate the instant suit, gave rise to PGS' scheme to divorce TTSI from its counsel now before the Court.[27]  Furthermore, given that PGS' entire complaint is based on purportedly tortious communications, it is self-evident that one could elicit testimony and evidence from parties to those

---

[24]E.g., Respondent's Response Brief at pp. 23-25; TEX. R. PROF'L CONDUCT 3.08 (a).

[25] *Respondent's Response Brief at p.p. 20-21.*

[26] *E.g., see Respondent's Brief at p. 21.*

[27] *TTSI's Petition, pp. 12-19.*

communications other than TTSI's lawyers. Reviewing these matters globally, it is abundantly clear that PGS' underlying suit in the 133rd District Court, and its campaign to disqualify TTSI's counsel, is purely tactical and nothing more.

In a nutshell, TTSI's Petition for Writ of Mandamus is essentially unchallenged, given that none of the cases cited by PGS say what PGS wants them to say. In fact, the cases are in agreement that wholesale disqualification of counsel, as the lower court ordered in this case, without PGS' meeting its burden of proof and without the lower court holding an evidentiary proceeding, is an abuse of discretion mandating reversal. There is nothing to substantiate the proposition that PGS met its burden of proof to obtain the wholesale disqualification of counsel, or that the lower court was within its discretion in disqualifying TTSI's counsel and its law firm from any representation in this case.

Because the lower court's decision to disqualify counsel was made without reference to any guiding rules or principals and without PGS adducing any competent evidentiary support (when it bore the ultimate burden of proof), the disqualification order was clearly an abuse of discretion for which TTSI has no adequate remedy on appeal. At the very least, TTSI's counsel should be permitted to participate in pretrial matters before the Court and outside the presence of the jury.

## PRAYER

FOR THESE REASONS, Defendant **TEXAS TECHICAL SERVICES, INC.,** respectfully requests that the Court grant its Petition for Mandamus and vacate Judge McFarland's  order disqualifying the firm of Lambright & Associates from representing TTSI in the case below; alternately, that this Court instruct Judge McFarland to revise her disqualification order to permit Lambright & Associates attorneys to represent TTSI in all matters outside the presence of the jury, and any other relief to which it shows itself justly entitled.

LAMBRIGHT & ASSOCIATES

/s/ Andrew J. Mihalick
Casey Jon Lambright
State Bar No. 00794136
Andrew J. Mihalick
State Bar No. 24046439
2603 Augusta, Suite 1100
Houston, Texas 77057
(713) 840-1515
(713) 840-1521 (FAX)
**ATTORNEYS FOR RELATOR
TEXAS TECHNICAL
SERVICES, INC.**

## CERTIFICATE OF SERVICE

As required by Texas Rule of Appellate Procedure 6.3 and 9.5(b), (d), (e), I certify that I have served this document on all other parties, which are listed below, on February 9, 2015 as follows:

| | |
|---|---|
| Mark A. Junell<br>The Junell Law Firm<br>100 Waugh Dr., Suite 350<br>Houston, Texas 77057<br>(713) 213-1830 (FAX)<br><br>*Attorney for Plaintiff, Parking Guidance Systems, LLC* | o CM/RRR<br>o Facsimile<br>o Regular Mail<br>o Hand Delivery<br>o Efiling Manager |
| Hon. Jaclanel McFarland<br>133rd Judicial District Court<br>201 Caroline, 11th Floor<br>Houston, Texas 77001<br><br>*Respondent* | o Facsimile<br>o U.S. Mail<br>o CMRRR<br>o Courier/Hand Delivery<br>o Efiling Manager |

**LAMBRIGHT & ASSOCIATES**

/s/ Andrew J. Mihalick
Casey Jon Lambright
State Bar No. 00794136
Andrew J. Mihalick
State Bar No. 24046439
2603 Augusta, Suite 1100
Houston, Texas 77057
(713) 840-1515
(713) 840-1521 (FAX)
**ATTORNEYS FOR RELATOR**

February 9, 2015
[Date]

# CERTIFICATION

I, the undersigned, certify that I have reviewed the petition and conclude that every factual statement in the petition is supported by competent evidence included in the appendix or record.

LAMBRIGHT & ASSOCIATES

/s/ Andrew J. Mihalick
Casey Jon Lambright
State Bar No. 00794136
Andrew J. Mihalick
State Bar No. 24046439
2603 Augusta, Suite 1100
Houston, Texas 77057
(713) 840-1515
(713) 840-1521 (FAX)
**ATTORNEYS FOR RELATOR**

February 9, 2015
[Date]

# CERTIFICATE OF COMPLIANCE

As required by Texas Rule of Appellate Procedure 9.4 (i) (3), I certify that according to the Microsoft word counting function, the foregoing brief consists of 3,057 words excluding the portions outlined in the foregoing rule, and therefore is within the mandated word limit.

**LAMBRIGHT & ASSOCIATES**
/s/ Andrew J. Mihalick
Casey Jon Lambright
State Bar No. 00794136
Andrew J. Mihalick
State Bar No. 24046439
2603 Augusta, Suite 1100
Houston, Texas 77057
(713) 840-1515
(713) 840-1521 (FAX)

**ATTORNEYS FOR RELATOR
TEXAS TECHNICAL
SERVICES, INC.**

*February 9, 2015*
[Date]